**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
COUNSELLORS AT LAW

CHARLES C. CARELLA
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

DONALD F. MICELI
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
STEPHEN R. DANEK
MICHAEL A. INNES
MEGAN A. NATALE
KEVIN G. COOPER

5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

PETER G. STEWART
FRANCIS C. HAND
JAMES A. O'BRIEN, III
JOHN G. ESMERADO
STEVEN G. TYSON
MATTHEW J. CERES
ZACHARY A. JACOBS***
JASON H. ALPERSTEIN+ +

OF COUNSEL

*CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY
**MEMBER NY BAR
***MEMBER IL BAR
+MEMBER FL BAR
+ + MEMBER NY & FL BAR

RAYMOND J. LILLIE
GREGORY G. MAROTTA
MARYSSA P. GEIST
JORDAN M. STEELE**
SEAN M. KILEY
ROBERT J. VASQUEZ
BRITTNEY M. MASTRANGELO
GRANT Y. LEE***

March 5, 2025

**By ECF**

Chief Judge Renée Marie Bumb, U.S.D.J.
United States District Court, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

**Re:** ***Stevens v. TD Bank, N.A.*,**
**Case No. 1:24-cv-08311 (RMB) (AMD)**

Dear Chief Judge Bumb:

We, along with co-counsel, represent plaintiff Jeffrey Stevens in the above-referenced matter. We write to bring to the Court's attention *Shah v. Capital One Financial Corporation*, No. 24-cv-05985-TLT (N.D. Cal.) (ECF 59, Exhibit A), as supplemental authority relevant to the pending motion to dismiss.

In *Shah*, the Northern District of California addressed issues directly applicable to this case—specifically, whether a financial institution's use of third-party tracking tools that disclosed personally identifiable financial information violates state common law and statutory protections. The court made several holdings that support Stevens' claims:

1. Plaintiffs sufficiently alleged disclosures of personal and financial information. The *Shah* plaintiffs "alleged that as a result of using Defendant's website, their information was transmitted to Meta, without their consent." *Id.* at *7 (cleaned up). The court concluded that "[b]ecause Plaintiffs allege that actions they took on Defendant's website resulted in the transmission of their information to third parties, they have provided sufficient factual allegations to allege the disclosure of their personal information." *Compare id. with* ECF 19 at 16–19; *see also Lee v. Springer Nature Am., Inc.*, 2025 WL 692152, at *10–17 (S.D.N.Y. Mar. 4, 2025) (concluding publisher of Scientific American disclosed personally identifiable information via the Meta Pixel). Stevens presents an even stronger case, alleging the Meta pixel collected information while he was signed into TD Bank's authenticated portal.

2. Plaintiffs adequately alleged claims for negligence, unjust enrichment, and declaratory judgment. The *Shah* plaintiffs adequately "alleged a valid duty of care by alleging that they placed trust in Defendant to protect their personal information, which Defendant the[n] disclosed." *Compare Shah*, at *9 *with* ECF 19 at 21–25. Similarly, the court held that "Plaintiffs may bring an unjust enrichment claim because Plaintiffs allege that Defendant benefited from using Plaintiffs' information and that Plaintiffs' remedies at law are inadequate." *Compare Shah*, at *17 *with* ECF 19 at 31–33. Stevens has made parallel allegations.

3. Unlike the plaintiffs in *Shah* who must replead their express and implied breach of contract claims only because they "fail[ed] to cite to any specific section of the contract that Defendant allegedly violated," Stevens explicitly alleges TD promised in the contract documents it "would 'not share [customers' personal information] with nonaffiliates so they can market to customers].'" ECF 19 at 40. This distinction strengthens Stevens' contract claims.

The *Shah* decision is instructive due to the substantially similar allegations about web tracking technologies, unauthorized sharing of personal financial data, and related privacy violations. This conclusion is even stronger given the growing judicial consensus. *See Strong v. LifeStance Health Grp Inc.*, 2025 WL 317552, at *9 (D. Ariz. Jan. 28, 2025) (joining the consensus that plaintiffs adequately state a General Business Law claim where health care entities use the Meta Pixel to track user data without proper consent).

We thank the Court for its careful consideration of this matter. We are, of course, available at Your Honor's convenience should you require anything further.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.

*/s/ James E. Cecchi*
JAMES E. CECCHI

cc: Counsel of Record (via ECF)