# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967


March 13, 2025

***Via ECF***

The Honorable Renée Marie Bumb, Chief U.S.D.J.
United States District Court for the District of New Jersey
Camden Vicinage
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

Re: Stevens v. TD Bank, N.A.,
Case No. 1:24-cv-08311-RMB-AMD

Dear Chief Judge Bumb:

Defendant TD Bank, N.A. ("TD") submits this response to Plaintiff's Notice of Supplemental Authority, dated March 5, 2025. *See* Letter from James E. Cecchi, Counsel for Plaintiff, Carella, Byrne, Cecchi, Brody & Agnello, P.C., to Chief Judge Bumb, dated Mar. 5, 2025, ECF No. 27. Plaintiff contends that *Shah v. Capital One Financial Services Corporation*, No. 3:24-cv-05985-TLT, 2025 WL 714252 (N.D. Cal. Mar. 3, 2025) supports his response in opposition to TD's Motion to Dismiss. *See* Mot., ECF No. 18. Plaintiff is wrong for the following reasons.

*Shah* does nothing to save Plaintiff's Complaint here from complete dismissal for failure to allege *his* personal information was improperly disclosed to third parties. In *Shah*, the court found that the plaintiffs had adequately alleged that "they put their personal and financial information, including employment information, bank account information, citizenship status, and credit card preapproval or eligibility, in Defendant's website and then received third- and fourth-party advertisements." *Shah*, 2025 WL 714252, at *4.[1] Here, in contrast, Plaintiff alleges (at best) that the Pixel disclosed information about his general browsing activity on TD's website and that the Pixel can be used to send targeted ads. *See* Compl. ¶¶ 13–27. But Plaintiff does not allege that the Pixel disclosed any of *his* personal or financial information or that *he* received any targeted ads from nonaffiliates as a result. *See* Mot. at 10–14, 30.

---

[1] The *Shah* complaint also included screenshots with the corresponding Pixel code that was shared from the pages the plaintiffs alleged they visited while applying for credit cards on Capital One's website. *See* Complaint at 18–23, *Shah*, No. 3:24-cv-05985 TLT (N.D. Cal. Aug. 26, 2024), ECF. No. 1.

Nor do *Shah*'s holdings on various causes of action brought *under California law* help Plaintiff here. It is undisputed that New Jersey law controls Plaintiff's negligence and unjust enrichment claims. *See* Resp. at 7, ECF No. 19. Thus, *Shah*'s analysis of California law has no application to Plaintiff's common law claims. *See, e.g.,* Mot. at 15–16 (explaining New Jersey's general rule that there is no special relationship between banks and their customers), *and id.* at 21, 23–24 (explaining that New Jersey law requires Plaintiff to plead that he reasonably expected remuneration).

Next, *Shah*'s finding on the plaintiffs' breach of express contract has no bearing on this case. The *Shah* plaintiffs' claim failed because they did not allege what "specific section of the contract" Capital One violated. *Id.* at *9. As TD explained in its briefing, Plaintiff's breach of express contract claim fails for different reasons. *See* Mot. at 28–31. And *Shah*'s finding on the plaintiffs' breach of implied contract claim *supports* TD's position because in both cases, the complaints do not "elaborate on whether the implied contract involves separate promises from the express contract." *Id.* at *10; *see also* Reply at 13.

Finally, Plaintiff's letter cites two other cases that are equally unhelpful to his claims here. *Strong v. LifeStance Health Group*, No. CV-23-00682-PHX-KML, 2025 WL 317552 (D. Ariz. Jan. 28, 2025) is inapposite as it involved allegations that the defendant improperly disclosed the plaintiffs' personal medical information and treatments. And *Lee v. Springer Nature Am., Inc.*, 2025 WL 692152 (S.D.N.Y. Mar. 4, 2025) is irrelevant because it involved a single claim for disclosure of personally identifiable information under the Video Privacy Protection Act.

We thank the court for its time and attention to this matter.

Respectfully submitted,

/s/ *Susan M. Leming*
Susan M. Leming
**BROWN & CONNERY, LLP**
360 N. Haddon Ave.
Westmont, NJ 08108
Phone: (856) 854-8900
Email: sleming@brownconnery.com
**BROWN & CONNERY, LLP**

Zachary A. McEntyre (*pro hac vice*)
Robert D. Griest (*pro hac vice)*
**KING & SPALDING LLP**
1180 Peachtree Street, N.E., Suite 1600
Atlanta, GA 30309
Phone: (404) 572-4600
Email: zmcentyre@kslaw.com
rgriest@kslaw.com

cc: All counsel of record (via ECF)