CARELLA BYRNE
CECCHI BRODY
AGNELLO, P.C.

JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

CHARLES C. CARELLA
11/21/33 – 11/4/23

DONALD F. MICELI
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
STEPHEN R. DANEK
MICHAEL A. INNES
MEGAN A. NATALE
KEVIN G. COOPER

OF COUNSEL
PETER G. STEWART
CARL R. WOODWARD, III
FRANCIS C. HAND
JAMES A. O'BRIEN, III
JOHN G. ESMERADO
STEVEN G. TYSON
MATTHEW J. CERES
ZACHARY A. JACOBS***
JASON H. ALPERSTEIN

RAYMOND J. LILLIE
GREGORY G. MAROTTA
MARYSSA P. GEIST
BRITTNEY M. MASTRANGELO
GRANT Y. LEE***
MAYBOL HALL
WILLIAM J. MANORY
NESLIHAN Z. TALU
PATRICK J. DOHERTY

*CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY
***MEMBER IL BAR ONLY
+MEMBER FL BAR ONLY

May 15, 2026

**VIA ECF**

Hon. Renée Marie Bumb
United States District Judge
Mitchell H. Cohen Building and Courthouse
4th and Cooper Streets, Courtroom 3D
Camden, New Jersey 08101

Re: *Stevens v. TD Bank, N.A.*,
Case No. 1:24-cv-08311-RMB-AMD

Dear Chief Judge Bumb:

Plaintiff Jeffrey Stevens respectfully submits this letter to notify the Court of supplemental authority bearing on TD Bank's pending motion to dismiss. The Third Circuit held that plaintiffs who enter sensitive financial information on a website had Article III standing based on intrusion upon seclusion. *See In re BPS Direct, LLC*, --- F.4th ---, 2026 WL 1280969 (3d Cir. May 11, 2026) (attached as Exhibit A). That holding confirms Stevens has standing here.

*The Third Circuit endorsed standing based on the same tracking technology at issue here.* In *BPS Direct*, the court favorable cited *Pileggi v. Washington Newspaper Publishing Co.*, 146 F.4th 1219 (D.C. Cir. 2025), where a news website secretly embedded Meta Pixel to transmit user activity to Meta without consent. *Id.* at 1223, 1225. The D.C. Circuit held that the plaintiff's injury was analogous to intrusion upon seclusion because media consumption choices "can communicate sensitive and historically private interests." 2026 WL 1280969, at *7 (quoting *Pileggi*, 146 F.4th at 1228).

Stevens' case is stronger than *Pileggi*. There, the plaintiff browsed a news website. Here, Stevens accessed an authenticated banking portal. There, the transmitted information revealed what news videos a person consumed. Here, it revealed which financial products a person viewed, applied for, and obtained. ECF 54 ¶¶ 40-46. There, Congress recognized the sensitivity of viewing history through the VPPA. Here, Congress did the same for financial information through the GLBA. ECF 54 ¶¶ 47-52. If a news website's secret use of Meta Pixel to track viewing habits

establishes a concrete injury, a bank's secret use of the same technology to track its customers' financial activity does too.

*Stevens entered sensitive financial information, not basic browsing data*. *BPS Direct* distinguished between browse-only plaintiffs and those who entered "personal or sensitive" information. 2026 WL 1280969, at *6-7. Stevens logged into a secure banking portal. TD disclosed his identity as a customer, the financial products he viewed, and his account interactions to Meta and Google. ECF 54 ¶¶ 12-28, 40-46. That is not the kind of browsing the court compared to walking through a brick-and-mortar store. *Id.* at *6.

*Standing does not require public disclosure*. TD argues that Meta and Google are not "the broader public" under *Cook*. *See* ECF 66 at 4-5. *BPS Direct* eliminates that question. Intrusion upon seclusion "does not depend upon any publicity given to the person whose interest is invaded." 2026 WL 1280969, at *6 (quoting Restatement (Second) of Torts § 652B cmt. a). The surreptitious interception of Stevens' financial data is itself the injury.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.

/s/ James E. Cecchi
JAMES E. CECCHI

cc: All Counsel (via ECF)