**BROWN & CONNERY, LLP**
ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967

Susan M. Leming, Esq.
sleming@brownconnery.com

May 20, 2026

***Via ECF***
Honorable Renée Marie Bumb, U.S.D.J.
United States District Court of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

**Re: Jeffrey Stevens v. TD Bank, N.A.,**
**Civil Action No. 1:24-cv-08311-RMB-AMD**

Dear Chief Judge Bumb:

Defendant TD Bank, N.A. ("TD") submits this response to Plaintiff's Notice of Supplemental Authority, Dkt. No. 68, concerning *In re BPS Direct, LLC*, --- F.4th ---, 2026 WL 1280969 (3d Cir. May 11, 2026). Contrary to Plaintiff's assertion, *BPS Direct* confirms he lacks Article III standing.

*First*, *BPS Direct* drew a sharp line between (i) ordinary browsing data and (ii) highly sensitive payment and billing information. The Third Circuit held that the six plaintiffs who merely browsed a website lacked standing because their "clicks, scrolls, and searches" for products were not private. *Id.* at *4, 6. Only two purchasers had standing because they input "payment and billing information"—i.e., "a complete credit card or debit card number, along with the card's expiration date and security code." *Id.* at *4–5, *7. What matters under *BPS Direct* and the cases on which it relied is whether the information allegedly disclosed is "rightly viewed as highly sensitive." *See id.* at *7; *Cook v. Gamestop, Inc.*, 148 F.4th 153, 159–60 (3d Cir. 2025) (ordinary website browsing data was not "sensitive or personal" such that its disclosure did not confer standing); *Pileggi v. Washington Newspaper Publishing Co.*, 146 F.4th 1219, 1228 (D.C. Cir. 2025) (recognizing individual's media viewing history "can communicate sensitive and historically private interests"). Here, Plaintiff pleads no disclosure of sensitive financial information.[1] *See*

[1] Plaintiff suggests that he alleged that TD disclosed information about financial products he "applied for … and obtained." Notice of Supplemental Authority at 1. But he cites in support only generalized and speculative allegations about what might have happened to absent putative class members. *See id.* (citing SAC ¶¶ 40–46). Nowhere does Plaintiff allege such information *about him* was disclosed, which is all that matters for assessing his standing. *See Mielo v. Steak 'n*

SAC ¶¶ 19, 24; TD's Motion to Dismiss, Dkt. No. 57-1, at 8–9. Thus, like the six plaintiffs in *BPS Direct* who alleged disclosure of nonsensitive browsing data, Plaintiff lacks standing. *See* Motion to Dismiss at 8–13.

*Second*, Plaintiff's reliance on *Pileggi*, 146 F.4th 1219, is misguided. The Third Circuit cited *Pileggi* only for the proposition that disclosing "sensitive and historically private" information without consent can establish standing under an intrusion upon seclusion theory of harm. *BPS Direct*, 2026 WL 1280969, at *7. Here, Plaintiff has not alleged any such disclosure of sensitive and historically private information. Moreover, Plaintiff's suggestion that the GLBA confers standing on him is wrong. In *Pileggi*, the D.C. Circuit noted that "Congress can render a non-cognizable injury concrete … by providing a private right of action," which Congress did under the VPPA. 146 F.4th at 1227. Congress chose not to include a private right of action under the GLBA. Motion to Dismiss at 23–25.

*Third*, TD never argued that intrusion upon seclusion requires publicity—TD made that argument regarding disclosure of private facts. *See id.* at 10–11. Regardless, under either theory of harm, the information in question must be sensitive and private, which Plaintiff has not alleged here. *See id.* at 10–12.

For these reasons, *BPS Direct* confirms that Plaintiff lacks standing.

Respectfully submitted,

**BROWN & CONNERY, LLP**

*s/Susan M. Leming*
Susan M. Leming

cc: All counsel of record *(via electronic filing)*
David Lesser, Esq.
Zachary A. McEntyre, Esq.
Robert D. Griest, Esq.

---

*Shake Operations, Inc.*, 897 F.3d 467, 478 (3d Cir. 2018) ("In the class action context, our standing inquiry focuses solely on the class representative(s).").