[Docket No. 67]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| JEFFREY STEVENS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>TD BANK, N.A.,<br><br>Defendant. | Civil A. No. 24-08311 (RMB/EAP)<br><br>**OPINION & ORDER TO SEAL** |

**RENÉE MARIE BUMB, Chief United States District Judge:**

This matter comes before the Court on Defendant TD Bank, N.A.'s ("Defendant" or "TD Bank") unopposed motion to seal [Docket No. 67 (Def.'s Mot.)] pursuant to L. Civ. R. 5.3(c).

On October 16, 2025, the Court conducted a Pre-Motion Conference and directed the parties to propose a stipulated schedule for the filing of a second amended complaint by Plaintiff Jeffrey Stevens ("Plaintiff" or "Stevens") and Defendant's responsive motion to dismiss, as well as a limited exchange of information under Federal Rule of Evidence 408. [Docket No. 53]. Unfortunately, the Rule 408 process proved unfruitful, and on April 10, 2026, Plaintiff filed a letter ("Plaintiff's Letter") requesting a status conference and leave to commence limited formal discovery

[Docket No. 61].[1] Then, on April 13, 2026, Defendant filed a response [Docket No. 62] alleging that Plaintiff's Letter inappropriately disclosed information received pursuant to Rule 408 and requesting the Court to remove it from the docket or temporarily seal it, which this Court did. [Docket No. 63.] Defendant immediately thereafter filed another letter [Docket No. 64] ("Defendant's Letter") responding to Plaintiff's Letter. Defendant now seeks to seal that letter.

For the reasons expressed below, Defendant's Motion to Seal [Def.'s Mot.] is **GRANTED**.

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court is satisfied the Defendant's Letter is entitled to protection. Although the public holds a common-law right of access to judicial proceedings and records, *Goldstein v. Forbes* (*In re Cendant Corp.*), 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988)), courts may restrict public access to certain documents where "the material is the kind of information that courts will protect," *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)), and "good cause" exists to protect the materials and information at issue. *JJD Elec., LLC v. SunPower Corp., Sys.*, 738 F. Supp. 3d 569, 576 (D.N.J. 2024) (quoting *Securimetrics,*

[1] The Court subsequently ruled that no discovery shall take place until the Court resolve the pending Motion to Dismiss. [Docket Nos. 57, 65.] On June 30, 2026, the Court denied the Motion in part and converted the Motion to Dismiss to a Motion for Summary Judgment. [Docket Nos. 70, 71.] Since then, Magistrate Judge Ethan A. Hougah has met with the parties regarding limited discovery. [Docket Nos. 74, 78.]

*Inc. v. Iridian Techs., Inc.*, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006)). Good cause is established when a party shows that disclosure will cause "clearly defined and serious injury to the party seeking closure." *Securimetrics*, 2006 WL 827889, at *2 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994)).

Under Local Civil Rule 5.3(c), a party that moves to seal must describe the following: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3). Considering these factors in turn, the Court finds as follows:

(a) The nature of the Defendant's Letter favors sealing because it contains information on the Rule 408 process. Settlement communications and negotiations are generally considered confidential by courts. *Miller Indus. Towing Equip. Inc. v. NRC Indus.*, 659 F. Supp. 3d 451, 469 (D.N.J. 2023) (citing *Morgan v. Wal-Mart Stores, Inc.*, 2015 WL 3882748, at *2 (D.N.J. June 23, 2015)).

(b) The legitimate private or public interests support sealing. Courts have long recognized a strong public interest in parties engaging in Rule 408 exchanges to settle disputes and conserve limited judicial resources. *Cambria Co. LLC v. Hirsch Glass Corp.*, 2023 WL 6387680, at *4–5 (D.N.J 2023) (citing *Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). To engage in the candid

communications required to achieve those ends, parties must feel confident that their settlement communication will remain confidential. *See id.* ("In light of the strong policy favoring the settlement of disputes and the candid communications that must happen to achieve those ends, it is troubling to say the least that the Court needs even to say that parties and their counsel ought to keep confidential settlement communications confidential."). And while Rule 408 governs the admissibility of settlement communications at trial, courts in the Third Circuit have relied on the policy behind the rule to prevent the disclosure of confidential settlement communications in public filings. *See, e.g.*, *Philadelphia Church of Our Savior v. Concord Tp.*, 2004 WL 1824356, at *2 (E.D. Pa. 2004) ("While Rule 408 does not apply to pleadings directly, repeated decisions from this Court have held that allegations in a complaint may be stricken . . . as violative of these policies."); *Cambria*, 2023 WL 6387680, at *7 ("the Court concludes that Rule 408's underlying purpose to encourage settlement warranted protection of [a party's] settlement position from public disclosure."). Therefore, the legitimate interests served by Rule 408 support sealing, and there is no legitimate countervailing interest in the public disclosure of confidential communications which would undermine the purpose of Rule 408. The Defendant's motion to seal is also unopposed by the Plaintiff.

(c) Defendant would suffer a clearly defined and serious injury if the relief sought is not granted because the Defendant's Letter contains confidential business information related to the marketing technologies Defendant employs. *See, e.g., Avandia Litig.*, 924 F.3d at 679 ("[C]ourts may permissibly seal judicial records 'where

they are sources of business information that might harm a litigant's competitive standing.'") (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *see also* Fed. R. Civ. P. 26(c)(1)(G) (allowing courts to protect "trade secret[s] or other confidential research, development, or commercial information[.]").

(d) There is no less restrictive alternative to sealing the Defendant's Letter. The three page letter is an update on the progression of settlement communications between the parties and discusses confidential information shared under the protection of Rule 408. This Court has already sealed the Plaintiff's Letter [Docket No. 61] containing details of the same.

In consideration of the factors above, the Court concludes that good cause exists to seal the Defendant's Letter [Docket No. 64].

**II. ORDER TO SEAL**

THIS MATTER having been presented to the Court by Defendant on a Motion to Seal Defendant's Letter [Docket No. 64], which remains under temporary seal pending the resolution of this Motion; and, the Court having considered the papers filed in connection with this Motion, and no opposition having been timely filed, and for good cause shown:

**IT IS** on this **8th** day of **October, 2026**,

**ORDERED** that Defendant's Motion [Docket No. 67] is hereby **GRANTED**, and Docket No. 64 shall remain and is permanently **SEALED** on the docket.

**s/ Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

DATED: October 8th, 2026